IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JIMMY LEE LETTERMAN and ANNETTE FAY LETTERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM D. BURGESS, III, <br><br> Defendants. | ) ) ) ) ) ) No. 5:12-CV-06136-NKL ) ) ) ) ) |

**ORDER**

Plaintiffs Jimmy and Annette Letterman's motion for apportionment of damages [Doc. 390] is pending before the Court. In the process of resolving this motion, the Court has identified issues not addressed by Plaintiffs.

Specifically, there is no evidence before the Court that Caitlyn entered into a contract for representation in this matter. The record only shows that Jimmy and Annette Letterman executed a contingency fee contract with the Wood Law Firm. [Doc. 412.] Jimmy and Annette Letterman signed the contract and that signature was executed before Annette was appointed Caitlyn's guardian. Furthermore, the contract does not indicate that when Annette signed it, she was doing so on Caitlyn's behalf. And the complaint was filed by Jimmy and Annette Letterman alone as Plaintiffs, as the "natural mother" and "natural father" of Danial. [Amended Complaint, Doc. 37, p. 5.] The complaint nowhere indicates that it was filed on behalf of Caitlyn.

Under Missouri law, contingency contracts may not be implied. *See Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324-25 (Mo. 1979) (en banc) (although attorney and client had contingency contract for representation concerning first accident, contract did not cover representation concerning second accident, and would not be treated as doing so,

notwithstanding attorney's pursuit of recovery for both accidents; contingency contract would not be implied); *see also* Mo. Sup. Ct. R. 4-1.5(c) (contingent fee agreements must be in writing and signed by the client). However, in the absence of an express fee contract, recovery may be had in *quantum meruit*. *Roberds v. Sweitzer,* 733 S.W.2d 444, 447 (Mo. 1987) (en banc) (recognizing that generally, "[a] promise to pay the reasonable value of an attorney's services is implied where there is no express contract, if the services are accepted by the client or rendered at his request[;] recovery may be had in *quantum meruit*, to the extent of the reasonable value of the lawyer's services to his client"). Furthermore, in a wrongful death action, Mo. Rev. Stat. § 537.095.4(2) provides that "if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment…, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances[.]" *Id.*; *see also Collins v. Hertenstein,* 181 S.W.3d 204, 214-15 (Mo. Ct. App. 2005) (in the absence of a contract in a wrongful death case, attorney fees are awarded on a *quantum meruit* basis under § 537.095.4(2)). Because Plaintiffs did enter into a written and signed contract with the Wood Law Firm, they are bound by the terms of that agreement.

Therefore, an issue before the Court is what would be a fair and equitable order concerning Caitlyn's obligation to compensate the Wood Law Firm. If they wish to do so, the Court will permit Plaintiffs to file any additional briefing concerning this issue within 20 days of the date of this Order.

In addition, damages for Plaintiffs' wrongful death claim are distributed according to statute:

> 2. When any settlement is made, or recovery had, by any plaintiff ad litem, the persons entitled to share in the proceeds thereof shall be determined according to the laws of descent, and <u>any settlement or recovery by such plaintiff ad litem shall likewise be distributed according to the laws of descent unless special circumstances indicate that such a distribution would be inequitable</u>, in which case the court shall apportion the settlement or recovery in proportion to the losses suffered by each person or party entitled to share in the proceeds and, provided, that <u>any person entitled to share in the proceeds shall have the right to intervene at any time before any judgment is entered or settlement approved under this section.</u>

Mo. Rev. Stat. § 537.095.2 (emphasis added). Danial died intestate. Missouri's general rules of descent provide how property of a decedent who dies intestate shall be distributed. *See, e.g.,* Mo. Rev. Stat. § 474.010.2 (if there is no surviving spouse to receive the intestate decedent's property, then the decedent's children or their descendants receive it in equal parts). However, the Court is authorized to make a distribution which better reflects the losses sustained by each person entitled to share in the proceeds, if such an alternative distribution is more equitable.

Therefore, an additional issue to be addressed by the Court is what is equitable under the circumstances of this case. If they wish to do so, the Court will permit Plaintiffs to file any additional briefing concerning this issue within 20 days of the date of this Order.

Finally, Caitlyn—as a person entitled to share in the proceeds—has a right to intervene if she chooses to do so, to address these issues. Of course, Caitlyn would be entitled to be represented by someone who had no conflict of interest with her. Therefore, Caitlyn is given 20 days from the date of this Order to decide whether she desires to intervene, through an appropriate representative. If she fails to do so, the Court will assume she does not wish to do so and will proceed to enter a final decision on apportionment.

## V. Conclusion

Plaintiffs Jimmy and Annette Letterman shall file any additional briefing within 20 days of the date of this Order.  Danial Letterman's minor child, Caitlyn, shall have 20 days from the date of this Order to intervene and to be heard on the issues.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:   March 30, 2016
Jefferson City, Missouri